50 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton Michael ZAPATA, Defendant-Appellant.
 No. 94-5573.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1995.
 
 Before: KENNEDY and DAUGHTREY, Circuit Judges, and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant, Milton Michael Zapata, pleaded guilty to possession of one kilogram of cocaine with intent to distribute and was sentenced to 60 months in prison, four years of supervised release, and a $50 special assessment. On appeal, he alleges that he was arrested without probable cause and that a warrantless search of his person and belongings violated the protections afforded by the Fourth Amendment to the United States Constitution. We disagree and affirm the judgment of the district court.
 
 I.
 
 2
 Law enforcement officials were alerted by a confidential informant that Zapata and a second informant would travel to Houston, Texas, to bring one kilogram of cocaine back to Memphis. The law enforcement personnel verified Zapata's flight to Texas and, after receiving a phone call from Houston stating that the couple had arrived at their destination, further verified Zapata's stay at a Houston motel. The informant also told the police that she and Zapata would be returning to Memphis on a specific flight on September 4, 1993, and that she and the defendant would each be transporting one-half kilogram of cocaine.
 
 
 3
 The informant and the defendant did arrive in Memphis as scheduled and were immediately followed through the airport by police. The informant was approached by two detectives who ascertained from her that Zapata was indeed carrying the expected contraband. A search of the informant revealed that she, too, was carrying one-half kilogram of cocaine as planned.
 
 
 4
 Other police officers spoke with the defendant, requested identification, and asked for consent to search his luggage. Zapata refused the request and attempted to proceed on his way. A law enforcement official stopped the defendant, however, and demanded that Zapata accompany them to an office located in the airport. According to the defendant, he complied with the officer's demand because he felt he had no other choice.
 
 
 5
 Once in the office, Zapata and his luggage were subjected to a "dog sniff." Although the canine became "very much interested" in the baggage, she did not also sit down, as was her custom when identifying contraband narcotics. Police then ordered Zapata to open his shirt, and the officers observed a package of cocaine hidden in the waistband of a girdle worn by the defendant. After additional cocaine was found in a search of the defendant's travel bag, an officer informed Zapata that he was under arrest and informed him of his Miranda rights.
 
 
 6
 After reviewing the testimony adduced before a magistrate judge at a hearing on the defendant's motion to suppress the fruits of the searches of Zapata's person and baggage, the district court adopted the magistrate's recommendation that the motion be denied. In its order, the court concluded that probable cause existed to arrest Zapata for a narcotics violation even without a warrant. The court further determined that the search of the defendant and the defendant's baggage was justified as a search incident to the arrest.
 
 II.
 
 7
 When reviewing a district court's rulings on suppression questions, we accept the district judge's findings of fact unless they are clearly erroneous. United States v. Wright, 16 F.3d 1429, 1437 (6th Cir.), cert. denied, 114 S.Ct. 2759 (1994). A district court's application of law to those facts is reviewed de novo. United States v. Thomas, 11 F.3d 620, 627 (6th Cir.1993), cert. denied, 114 S.Ct. 1570 (1994).
 
 
 8
 The defendant first contends that he was arrested without probable cause. Probable cause exists, however, when "the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964). In this instance, the arresting officers were aware that Zapata had traveled to Houston for the expressed purpose of returning cocaine to Memphis. They also knew that an informant had correctly stated the time of the pair's arrival in Tennessee and had told them that both she and Zapata were carrying the cocaine with them upon deplaning. Furthermore, a search of the informant revealed that she was indeed carrying one-half of a kilogram of the narcotic. The "totality of the circumstances" thus indicates that probable cause to arrest was present because "there [was] a fair probability that contraband or evidence of a crime [would] be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).
 
 
 9
 Once Zapata was arrested based upon probable cause that he had violated the law, a warrantless search of his person and baggage was justified as a search incident to arrest. New York v. Belton, 453 U.S. 454, 457 (1981). The defendant insists, however, that the search actually occurred prior to his arrest and cannot, therefore, be justified on the grounds advanced by the district court. The record does establish that Zapata was not told he was under arrest until after the conclusion of the search of his person and belongings. Nevertheless, a "seizure" within the meaning of the Fourth Amendment occurs when, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980). Although one of the detectives who met the plane at the Memphis airport testified that Zapata was under arrest from the time he was stopped upon deplaning, the subjective intent of an officer to detain the defendant if he tries to leave is irrelevant "except insofar as that may have been conveyed to the [defendant]." Id., 446 U.S. at 554 n. 6. In this case, that intent was communicated to Zapata. The defendant himself testified at the suppression hearing that when he attempted to leave the presence of the officers, he was pushed back near them and that it was made clear to him that he "had no choice" but to comply with their demands. In view of all the surrounding circumstances, therefore, a reasonable person would have believed that an arrest had been effected prior to the search of the defendant in the airport office.
 
 III.
 
 10
 The district court did not err in concluding that the police had probable cause to arrest Zapata in the Memphis airport for a narcotics violation. Furthermore, the court properly justified the subsequent search of the defendant and his luggage as a search incident to the arrest. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation